# GROOM LAW GROUP

William J. Delany
(202) 861-6643
wdelany@groom.com

May 18, 2026

The Honorable Theodore D. Chuang
6500 Cherrywood Lane, Suite 245
Greenbelt, MD 20770
(301) 344-3982

Re:    ***Fezer et al. v. Lockheed Martin Corp. et al.*, No. 8:25-cv-908 (D. Md.)—Notice of Intent to File a Motion for an Order Directing Plaintiffs to File a Reply to Defendants' Answer**

Dear Judge Chuang:

Under section II.A.2 of the Court's Case Management Order (Dkt. 6), Defendants Lockheed Martin Corporation ("Lockheed Martin") and Lockheed Martin Investment Management Company ("LMIMCo") (together, "Defendants") request leave to file a motion under Federal Rule of Civil Procedure 7(a)(7) for an order directing Plaintiffs to reply to Defendants' Answer.

In *Cunningham v. Cornell Univ.*, 604 U.S. 693, 707–08 (2025), the Supreme Court recognized that ERISA prohibited transaction claims may survive a motion for dismissal even where a statutory exemption under section 408 ultimately applies because exemptions operate as affirmative defenses. At the same time, the Supreme Court encouraged district courts to use procedural tools to test such claims before discovery, including Rule 7(a)(7), which permits a court to require a plaintiff to reply to an answer asserting facts showing that an exemption may apply. *Cunningham*, 604 U.S. at 711 (Alito, J., concurring) ("District courts should strongly consider utilizing [Rule 7(a)(7)] . . . to achieve the prompt disposition of insubstantial claims.") (citation omitted). Counts IV and V of the First Amended Class Action Complaint ("FAC") present the very sort of circumstances in which the Supreme Court recognized the application of Rule 7(a)(7) is appropriate: Plaintiffs allege prohibited transactions based solely on payments by the Plans to Defendants, while Defendants' Answer identifies facts and supporting materials showing that those payments fall squarely within section 408's exemptions and exceptions, namely for reasonable compensation and reimbursement of properly incurred expenses.

Counts IV and V of the FAC allege that Defendants caused the Plans to engage in prohibited transactions in violation of ERISA sections 406(a)(1)(B), (C), and (D), as well as section 406(b). FAC ¶¶ 153–68. Specifically, Plaintiffs allege that Defendants:  (1) caused the Plans to engage in prohibited "loans" or "extensions of credit" by permitting amounts allegedly "owed" to Lockheed Martin to remain payable to Defendants; (2) furnished services to the Plans for compensation; (3) caused Plan assets to be transferred to or used for Defendants' benefit through payments of compensation and reimbursement of expenses; and (4) engaged in self-dealing by causing the Plans to pay Defendants for allegedly "deficient and disloyal" management services. *See id*. ¶¶ 156, 164.

GR☾OM LAW GROUP

**May 18, 2026**
Page 2

Defendants moved to dismiss Counts IV and V on the ground that they challenge permissible reimbursement of Defendants' but-for costs in providing services to the Plans, which are exempt under ERISA section 408(c)(2). *See* Dkt. 36-1 at 22–24. Relying on *Cunningham*—which held that plaintiffs asserting prohibited-transaction claims under section 406 need not plead around section 408 exemptions and exceptions because they operate as affirmative defenses—the Court held that Defendants' argument was "foreclosed" at the pleading stage, but that Defendants remain "free to assert and establish [section 408 exemptions and exceptions] at a later stage of the case." Dkt. 48 at 21–22 (quoting *Cunningham*, 604 U.S. at 700–01).

The same passage of *Cunningham* identified the mechanism for testing such claims before discovery. Recognizing that its pleading rule risked "an avalanche of meritless litigation" because nearly every ERISA plan engages in transactions technically prohibited by section 406, the Supreme Court emphasized that district courts may "use existing tools at their disposal to screen out meritless claims before discovery," including Rule 7(a)(7). 604 U.S. at 707–08. Thus, when a defendant's answer shows that a section 408 exemption may apply, Rule 7 permits the court to require the plaintiff to allege "specific, nonconclusory factual allegations showing the exemption does not apply," and to dismiss suits where the plaintiff "cannot plausibly do so." *Id.* at 708 (alteration in original).[1]

That is the case here. In response to Counts IV and V, Defendants' Answer alleges that (1) LMIMCo performed services necessary to operate the Plans; (2) the challenged payments reflected operational expenses associated with those services; (3) amounts reflected as payable or reimbursable arose from routine accounting and reimbursement timing practices; (4) those amounts were reviewed and reconciled through the Plans' established annual audit process; and (5) the challenged arrangements did not involve disguised financing or improper extensions of credit. *See* Ans. at 64–68. Those allegations are consistent with section 408(b)(2), which permits reasonable arrangements for services necessary to operate a plan, and section 408(c)(2), which permits reasonable compensation for services rendered and reimbursement of properly incurred expenses. 29 U.S.C. § 1108(b)(2), (c)(2); 29 C.F.R. § 2550.408b-2(e)(3).

In support of those allegations, the Answer attaches: (1) an SEC No-Action Letter stating that "[t]he only amounts received by [Defendants] in connection with the Plans are reimbursements that are subject to the restrictions imposed by ERISA"; (2) LMIMCo's Trust Charging Policy, which governs the allocation, charging, and reimbursement of plan-related expenses through the Master Trust; and (3) the Plans' audit materials concerning administrative expenses, which show

---

[1] Since *Cunningham*, at least one district court has ordered a plaintiff to submit a reply to the answer. *See Dalton v. Freeman*, No. 2:22-cv-847, 2025 WL 3771345, at *2–3 (E.D. Cal. Dec. 31, 2025). In *Dalton*, the plaintiffs asserted section 406(a) prohibited transaction claims related to the defendants' approval of "the transfer of plan assets between the plan and a party in interest." *Id.* at *1. In their answer, the defendants raised an affirmative defense that the transfer was lawful because it satisfied an exemption in section 408(e). *See id.* at *2. The court directed the plaintiffs to file a reply to the answer because the answer put the "case in the exact procedural posture discussed in *Cunningham*; [the] Plaintiffs raised a prohibited transaction claim under section 406 without substantively addressing the affirmative defenses in section 408, and [the] Defendants then identified an affirmative defense under section 408." *Id.* at *2–3.

GROOM LAW GROUP

**May 18, 2026**
Page 3

that auditors tested the expenses charged to the Plans against supporting records and identified no material exceptions.

These allegations and materials underscore that Plaintiffs' allegations concerning the section 408 exemptions/exceptions are conclusory and warrant a Rule 7 reply. Although the FAC alleges in general terms that the challenged payments "were not reasonable" and "were not within the exceptions enumerated by" section 408, FAC ¶¶ 118–19, it does not identify any compensation that allegedly exceeded reasonable value, any amounts that purportedly reflected transactions other than permissible reimbursement of plan-related expenses, or that the challenged arrangements fell outside the scope of sections 408(b)(2) or 408(c)(2). As *Cunningham* recognized, where a defendant's answer identifies facts suggesting that a section 408 exemption may apply, the plaintiff must respond with "specific, nonconclusory factual allegations" explaining why it does not. 604 U.S. at 708.

Defendants therefore respectfully request that the Court set a briefing schedule for their proposed Rule 7(a)(7) motion. On May 15, 2026, counsel for Defendants met and conferred with counsel for Plaintiffs regarding this request, but Plaintiffs did not consent. The parties are also available for a conference at the Court's convenience should the Court prefer to discuss the proposed motion before setting a schedule.

Respectfully,

By: */s/ William J. Delany*
    William J. Delany