# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
### (Southern Division)

KARL FEZER, *et al.*,

             Plaintiffs,

v.

LOCKHEED MARTIN CORP. and
LOCKHEED MARTIN INVESTMENT
MANAGEMENT CO.,

             Defendants.

Case No. 8:25-cv-00908-TDC

## DEFENDANTS' ANSWER TO THE FIRST AMENDED CLASS ACTION COMPLAINT

Defendants Lockheed Martin Corporation ("Lockheed Martin") and Lockheed Martin

Investment Management Company ("LMIMCo") (together, "Defendants") answer the First

Amended Class Action Complaint as follows:[1]

### INTRODUCTION

1. Defendants admit that Lockheed Martin is a global security and aerospace company

with approximately 121,000 employees worldwide. Defendants further admit that Lockheed

Martin sponsors various defined contribution retirement plans governed by ERISA for certain

employees and that participants may make contributions to investment options offered under those

plans. Defendants deny the remaining allegations in Paragraph 1.

---

[1] To the extent the First Amended Class Action Complaint contains headings, footnotes, or other materials that are inappropriate under Rule 8 and Rule 12(f) of the Federal Rules of Civil Procedure, no response to such material is required. To the extent a response is required, Defendants deny all headings and footnotes in the First Amended Class Action Complaint, unless specifically admitted herein.

2. Paragraph 2 contains opinions, arguments, and legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 2 to the extent they inaccurately describe the law or Defendants' obligations.

3. Defendants admit that LMIMCo is a wholly-owned subsidiary of Lockheed Martin. The remainder of Paragraph 3 contains opinions, arguments, and legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 3.

4. Defendants admit that target date funds are investment vehicles commonly offered in defined contribution plans and that such funds generally adjust asset allocations over time as a target retirement date approaches. Defendants deny any remaining allegations in Paragraph 4.

5. Defendants deny the allegations in Paragraph 5.

6. Defendants deny the allegations in Paragraph 6.

7. Defendants deny the allegations in Paragraph 7.

8. Defendants admit that the LMIMCo TDFs were available as investment options in the Plans (as defined in Paragraph 10) and were designated as the qualified default investment alternative ("QDIA"). Defendants deny the remaining allegations in Paragraph 8.

9. Defendants deny the allegations in Paragraph 9.

10. Paragraph 10 contains opinions, arguments, and legal conclusions regarding Plaintiffs' purported causes of action and requested relief to which no response is required. To the extent a response is required, Defendants admit only that Plaintiffs purport to assert claims under ERISA and otherwise deny the allegations in Paragraph 10.

11. Paragraph 11 contains opinions, arguments, and legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 11.

12. Defendants admit that Plaintiffs purport to assert claims on behalf of an alleged class of participants and beneficiaries of the Plans, but deny the allegations to the extent they assume the existence of a class that has not been certified. The remainder of Paragraph 12 contains opinions, arguments, and legal conclusions to which no response is required. To the extent a response is required, Defendants otherwise deny the allegations in Paragraph 12.

13. Defendants admit that Plaintiffs purport to assert claims on behalf of an alleged class of participants and beneficiaries of the Plans, but deny the allegations to the extent they assume the existence of a class that has not been certified. The remainder of Paragraph 13 contains opinions, arguments, and legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 13.

14. To the extent Paragraph 14 purports to quote, paraphrase, and/or cite certain unidentified Plan materials and/or communications, Defendants rely on those sources to speak for themselves, rather than on Plaintiffs' characterizations thereof. Defendants admit that the LMIMCo TDFs were designated as the qualified default investment alternative ("QDIA") for the Plans. Defendants deny the remaining allegations in Paragraph 14.

15. Defendants deny that the LMIMCo TDFs held an "outsized share" of Plan assets. Defendants further state that the Plans' assets as of December 31, 2023, are reported in the Plans' Form 5500 filings, which speak for themselves.

16. Defendants deny the allegations in Paragraph 16.

17. Defendants deny the allegations in Paragraph 17.

3

18. To the extent Paragraph 18 purports to quote, paraphrase, and/or cite certain unidentified Plan materials and/or communications, Defendants rely on those sources to speak for themselves, rather than on Plaintiffs' characterizations thereof. Defendants deny the remaining allegations in Paragraph 18.

19. Defendants deny the allegations in Paragraph 19.

20. Defendants deny the allegations in Paragraph 20.

21. Paragraph 21 contains opinions, arguments, and legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 21.

<b>JURISDICTION AND VENUE</b>

22. Defendants admit the allegations in Paragraph 22.

23. Defendants admit the allegations in Paragraph 23.

24. Defendants admit the allegations in Paragraph 24.

25. Defendants admit the allegations in Paragraph 25.

26. Paragraph 26 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 26.

27. Defendants deny the allegations in Paragraph 27.

28. Defendants admit the allegations in Paragraph 28.

<b>THE PLANS & THE PARTIES</b><br><b><u>The Lockheed 401(k) Plans</u></b>

29. Defendants admit the allegations in Paragraph 29.

30. Defendants admit that the Bargaining Plan is a participant-directed defined contribution plan, that certain employees are automatically enrolled in the Bargaining Plan, that Lockheed Martin is the Plan Sponsor and Plan Administrator, and that LMIMCo serves as

investment manager for the Bargaining Plan. Defendants deny the remaining allegations in Paragraph 30.

31. Defendants admit that the Capital Plan is a participant-directed defined contribution plan, that Lockheed Martin is the Plan Sponsor and Plan Administrator, and that LMIMCo serves as investment manager for the Capital Plan. Defendants deny the remaining allegations in Paragraph 31.

32. Defendants admit that Lockheed Martin is the Plan Sponsor and Plan Administrator for the Plans. Defendants further state that the governing Plan documents speak for themselves regarding the authority and responsibilities of the various Plan fiduciaries and service providers. The remainder of Paragraph 32 contains opinions, arguments, and legal conclusions to which no response is required. To the extent a response is required, Defendants deny the remaining allegations in Paragraph 32.

33. Defendants state that the governing Plan documents speak for themselves regarding the authority and responsibilities of the various Plan fiduciaries and service providers, including LMIMCo. The remainder of Paragraph 33 contains opinions, arguments, and legal conclusions to which no response is required. To the extent a response is required, Defendants deny the remaining allegations in Paragraph 33.

34. Paragraph 34 purports to characterize the terms of the Master Trust. Defendants rely on the Master Trust governing documents to speak for themselves. To the extent Plaintiffs' allegations differ from the terms of the Master Trust governing documents, Defendants deny such allegations. The remainder of Paragraph 34 contains opinions, arguments, and legal conclusions to which no response is required. To the extent a response is required, Defendants deny the remaining allegations in Paragraph 34.

**Plaintiffs**

35. Defendants admit that, at the time of the filing of the original complaint, Dkt. No. 1 ("Complaint"), Plaintiff Fezer was an employee of Lockheed Martin and a participant in the Salaried Plan.

36. Defendants admit that for some period of time Plaintiff Fezer invested in the LMIMCo 2040 TDF and the LMIMCo 2050 TDF in his Salaried Plan account. Defendants deny the remaining allegations in Paragraph 36.

37. Defendants admit that Plaintiff Nguyen is a former employee of Lockheed Martin and that, at the time of the filing of the Complaint, Plaintiff Nguyen was a participant in the Salaried Plan.

38. Defendants admit that for some period of time Plaintiff Nguyen invested in the LMIMCo 2050 TDF and the LMIMCo 2060 TDF in his Salaried Plan account. Defendants deny the remaining allegations in Paragraph 38.

39. Defendants admit that, at the time of the filing of the Complaint, Plaintiff Holmes was an employee of Lockheed Martin and a participant in the Salaried Plan and the Capital Plan.

40. Defendants admit that for some period of time Plaintiff Holmes invested in the LMIMCo 2040 TDF, LMIMCo 2045 TDF, LMIMCo 2050 TDF, and the LMIMCo 2055 TDF, in his Salaried and Capital Plan accounts. Defendants deny the remaining allegations in Paragraph 40.

41. Defendants admit that Plaintiff Kay is a former employee of Lockheed Martin and that, at the time of the filing of the Complaint, was a participant in the Salaried Plan.

42.     Defendants admit that for some period of time Plaintiff Kay invested in the LMIMCo 2025 TDF in his Salaried Plan account. Defendants deny the remaining allegations in Paragraph 42.

43.     Defendants admit that Plaintiff Million-Perez is a former employee of Lockheed Martin and that, at the time of the filing of the Complaint, was a participant in the Salaried Plan.

44.     Defendants admit that for some period of time Plaintiff Million-Perez invested in the LMIMCo 2050 TDF in his Salaried Plan account. Defendants deny the remaining allegations in Paragraph 44.

45.     Defendants admit that Plaintiff Escamilla is a former employee of Lockheed Martin and that, at the time of the filing of the Complaint, was a participant in the Bargaining Plan.

46.     Defendants admit that for some period of time Plaintiff Escamilla invested in the LMIMCo 2060 TDF in his Bargaining Plan account. Defendants deny the remaining allegations in Paragraph 46.

### **Defendants**

47.     Defendants admit the allegations in Paragraph 47.

48.     Defendants admit that Lockheed Martin is the sponsor and administrator of the Plans, but deny the remaining allegations in Paragraph 48.

49.     Defendants state that the governing Plan documents speak for themselves regarding the authority and responsibilities of the Plans' fiduciaries and service providers, including any authority relating to appointment or removal of fiduciaries and service providers. The remainder of Paragraph 49 contains opinions, arguments, and legal conclusions to which no response is required. To the extent a response is required, Defendants deny the remaining allegations in Paragraph 49.

50.     Defendants admit the allegations in Paragraph 50.

51.     Defendants state that the governing Plan documents speak for themselves regarding the authority and responsibilities of the Plans' fiduciaries and service providers, including LMIMCo. The remainder of Paragraph 51 contains opinions, arguments, and legal conclusions to which no response is required. To the extent a response is required, Defendants deny the remaining allegations in Paragraph 51.

52.     Defendants state that the governing Plan documents speak for themselves regarding the authority and responsibilities of the Plans' fiduciaries and service providers, including LMIMCo's role as investment manager. The remainder of Paragraph 52 contains opinions, arguments, and legal conclusions to which no response is required. To the extent a response is required, Defendants deny the remaining allegations in Paragraph 52.

53.     Defendants admit that Lockheed Martin and LMIMCo are affiliated entities within the same corporate family. Defendants further admit that LMIMCo provided investment-management services to the Plans during the relevant period. Defendants deny the remaining allegations in Paragraph 53.

**BACKGROUND**
**Defendants' Duties Under ERISA**

54.     To the extent Paragraph 54 quotes or characterizes 29 U.S.C. § 1103(c)(1), the statute speaks for itself. The remainder of Paragraph 54 contains legal opinions and conclusions to which no response is required. To the extent a response is required, Defendants deny any remaining allegations in Paragraph 54.

55.     To the extent Paragraph 55 quotes or characterizes 29 U.S.C. § 1104(a), the statute speaks for itself. The remainder of Paragraph 55 contains legal opinions and conclusions to which

8

no response is required. To the extent a response is required, Defendants deny any remaining allegations in Paragraph 55.

56. Paragraph 56 asserts legal conclusions regarding ERISA's duty of prudence to which no response is required. Defendants deny any remaining allegations in Paragraph 56.

57. Paragraph 57 asserts legal conclusions regarding ERISA's duty of loyalty to which no response is required. Defendants deny any remaining allegations in Paragraph 57.

58. To the extent Paragraph 58 quotes or characterizes ERISA's co-fiduciary liability provisions, the statute speaks for itself. The remainder of Paragraph 58 contains opinions, arguments, and legal conclusions to which no response is required. To the extent a response is required, Defendants deny any remaining allegations in Paragraph 58.

59. To the extent Paragraph 59 quotes or characterizes ERISA's prohibited-transaction provisions and related definitions, the relevant statutory provisions speak for themselves. The remainder of Paragraph 59 contains legal opinions and conclusions to which no response is required. To the extent a response is required, Defendants deny any remaining allegations in Paragraph 59.

60. To the extent Paragraph 60 quotes or characterizes 29 U.S.C. § 1106(b), the statute speaks for itself. The remainder of Paragraph 60 contains legal opinions and conclusions to which no response is required. To the extent a response is required, Defendants deny any remaining allegations in Paragraph 60.

61. Paragraph 61 contains opinions, arguments, and legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 61.

**The Plans**

62.     Defendants admit that it makes the Plans available for participation by certain of its and its subsidiaries' employees.  Defendants deny the remaining allegations in Paragraph 62.

63.     Defendants admit that the Salaried Plan and the Bargaining Plan are tax-qualified 401(k) plans. Defendants deny the remaining allegations in Paragraph 63.

64.     Defendants admit that it makes the Plans available for participation by certain of its and its subsidiaries' employees. Defendants deny the remaining allegations in Paragraph 64.

65.     Paragraph 65 contains opinions, arguments, and legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 65.

66.     Defendants deny the allegations in Paragraph 66.

67.     Paragraph 67 contains opinions, arguments, and legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 67.

68.     Paragraph 68 purports to characterize the terms of the Salaried Plan and Bargaining Plan. Defendants rely on the Salaried Plan and the Bargaining Plan's governing documents to speak for themselves. To the extent Plaintiffs' allegations differ from the terms of the Salaried Plan and the Bargaining Plan's governing documents, Defendants deny such allegations.

69.     Paragraph 69 purports to characterize the terms of the Salaried Plan and Bargaining Plan. Defendants rely on the Salaried Plan's and the Bargaining Plan's governing documents to speak for themselves. To the extent Plaintiffs' allegations differ from the terms of the Salaried Plan's and the Bargaining Plan's governing documents, Defendants deny such allegations.

10

70.     Paragraph 70 purports to characterize the terms of the Capital Plan. Defendants rely on the Capital Plan's governing documents to speak for themselves. To the extent Plaintiffs' allegations differ from the terms of the Capital Plan's governing documents, Defendants deny such allegations.

71.     Defendants state that the governing Plan documents speak for themselves regarding the authority and responsibilities of the Plans' fiduciaries and service providers, including responsibility for selecting investment options. Defendants deny the remaining allegations in Paragraph 71.

72.     Defendants state that the governing Plan documents and related Plan disclosures speak for themselves regarding the investment options offered under the Plans during the relevant period. Defendants admit that the LMIMCo TDFs were among the investment options offered to participants during the relevant period, including the LMIMCo TDF 2065 and LMIMCo TDF 2070. Defendants deny the remaining allegations in Paragraph 72.

### The In-House TDFs

73.     Defendants admit that the LMIMCo TDFs constituted a portion of the investment options offered under the Plans during the relevant period. Defendants deny the remaining allegations in Paragraph 73.

74.     Defendants admit that the LMIMCo TDFs are designated as the QDIA for the Plans. Defendants deny the remaining allegations in Paragraph 74.

75.     Defendants state that the treatment of participant assets following the removal of certain investment options is governed by the applicable Plan documents and related disclosures, which speak for themselves. Defendants deny the remaining allegations in Paragraph 75.

76. Defendants state that the structure, operation, and investment objectives of the LMIMCo TDFs are governed by the applicable Plan documents and related fund materials, which speak for themselves. Defendants deny the remaining allegations in Paragraph 76.

77. Defendants admit that the LMIMCo TDFs use a "through retirement" glide path. Defendants deny the remaining allegations in Paragraph 77.

78. Defendants state that the investment allocations, glide path, and other features of the LMIMCo TDFs are described in the applicable Plan documents and related fund disclosures, which speak for themselves. Defendants deny the remaining allegations in Paragraph 78.

79. To the extent Paragraph 79 purports to quote, paraphrase, and/or cite certain unidentified Plan materials and/or communications, Defendants rely on those sources to speak for themselves, rather than on Plaintiffs' characterizations thereof. Defendants deny the remaining allegations in Paragraph 79.

80. To the extent Paragraph 80 purports to quote, paraphrase, and/or cite certain unidentified Plan materials and/or communications, Defendants rely on those sources to speak for themselves, rather than on Plaintiffs' characterizations thereof. Defendants deny the remaining allegations in Paragraph 80.

81. To the extent Paragraph 81 purports to quote, paraphrase, and/or cite certain unidentified Plan materials and/or communications, Defendants rely on those sources to speak for themselves, rather than on Plaintiffs' characterizations thereof. Defendants deny the remaining allegations in Paragraph 81.

82. Defendants state that the investment allocations, glide path, and other features of the LMIMCo TDFs are described in the applicable Plan documents and related fund disclosures, which speak for themselves. Defendants deny the remaining allegations in Paragraph 82.

83. To the extent Paragraph 83 purports to quote, paraphrase, and/or cite certain unidentified Plan materials and/or communications, Defendants rely on those sources to speak for themselves, rather than on Plaintiffs' characterizations thereof. Defendants deny the remaining allegations in Paragraph 83.

84. Paragraph 84 contains opinions, arguments, and legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 84.

85. To the extent Paragraph 85 purports to quote, paraphrase, and/or cite certain unidentified Plan materials and/or communications, Defendants rely on those sources to speak for themselves, rather than on Plaintiffs' characterizations thereof. Defendants deny the remaining allegations in Paragraph 85.

86. To the extent Paragraph 86 purports to quote, paraphrase, and/or cite certain unidentified third-party materials, benchmark methodologies, or public websites, Defendants rely on those sources to speak for themselves, rather than on Plaintiffs' characterizations thereof. The remainder of Paragraph 86 contains opinions, arguments, and legal conclusions to which no response is required. To the extent a response is required, Defendants deny the remaining allegations in Paragraph 86.

87. Paragraph 87 contains opinions, arguments, and legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 87.

88. Paragraph 88 contains opinions, arguments, and legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 88.

89. Defendants deny the allegations in Paragraph 89.

90. Defendants deny the allegations in Paragraph 90.

91. Defendants deny the allegations in Paragraph 91, including specifically the allegation that the referenced indices constitute appropriate comparators or benchmarks for evaluating the prudence or performance of the LMIMCo TDFs.

92. Defendants deny the allegations in Paragraph 92, including specifically the allegation that the referenced comparator funds constitute appropriate comparators or benchmarks for evaluating the prudence or performance of the LMIMCo TDFs.

93. Defendants deny the allegations in Paragraph 93, including specifically the allegations that the referenced comparator funds constitute appropriate comparators or benchmarks for evaluating the prudence or performance of the LMIMCo TDFs or that the referenced comparator funds provided superior performance relative to the LMIMCo TDFs.

94. Defendants deny the allegations in Paragraph 94, including specifically the allegations that the referenced comparator funds or indices constitute appropriate comparators or benchmarks for evaluating the prudence or performance of the LMIMCo TDFs and that the referenced comparator funds, averages, or indices provided superior performance relative to the LMIMCo TDFs.

95. Defendants deny the allegations in Paragraph 95.

96. Paragraph 96 contains opinions, arguments, and legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 96, including specifically the allegations that the referenced hypothetical returns constitute appropriate measures for evaluating the prudence or performance of the LMIMCo target-date funds or that participants suffered losses in the manner alleged by Plaintiffs.

97. Defendants deny the allegations in Paragraph 97.

98. Paragraph 98 relates to claims and theories the Court dismissed. Accordingly, no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 98, including specifically the allegations that the referenced Vanguard funds constitute appropriate comparators or benchmarks for evaluating the prudence or performance of the LMIMCo TDFs.

99. Paragraph 99 relates to claims and theories the Court dismissed. Accordingly, no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 99, including specifically the allegations that the referenced funds constitute appropriate comparators for evaluating the prudence or performance of the LMIMCo TDFs or that Defendants "endeavored to drive" participants' assets into the LMIMCo TDFs.

100. Paragraph 100 relates to claims and theories the Court dismissed. Accordingly, no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 100, including specifically the allegations that the referenced funds constitute appropriate comparators or benchmarks for evaluating the prudence or performance of the LMIMCo TDFs or that the LMIMCo TDFs failed to provide appropriate investment performance relative to their objectives and strategy.

101. To the extent Paragraph 101 purports to quote, paraphrase, and/or cite certain SEC publications or other referenced materials, Defendants rely on those sources to speak for themselves, rather than on Plaintiffs' characterizations thereof. The remainder of Paragraph 101 contains hypothetical and generalized allegations regarding fees, compounding, and investment outcomes to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 101.

15

102. Defendants deny the allegations in Paragraph 102.

**Defendants Failed to Replace LMIMCo and the In-House TDFs and Instead Tried to Drive Employees' Retirement Savings into the In-House TDFs**

103. Defendants deny the allegations in Paragraph 103.

104. Defendants admit that the LMIMCo 2065 TDF and LMIMCo 2070 TDF were added as investment options in the Plans during the purported class period. Defendants deny the remaining allegations in Paragraph 104.

105. Defendants deny the allegations in Paragraph 105.

106. Defendants deny the allegations in Paragraph 106.

107. Defendants admit that the LMIMCo TDFs were designated as the Plans' QDIA throughout the purported class period. Defendants deny the remaining allegations in Paragraph 107.

108. Defendants deny the allegations in Paragraph 108.

109. To the extent Paragraph 109 purports to quote, paraphrase, and/or cite certain unidentified public materials related to prior litigation or settlements, Defendants rely on those materials to speak for themselves, rather than on Plaintiffs' characterizations thereof. Defendants deny the remaining allegations in Paragraph 109, including specifically the allegation that a prudent fiduciary would have replaced LMIMCo.

110. Paragraph 110 contains opinions, arguments, and legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 110.

111. Defendants deny the allegations in Paragraph 111.

112. Paragraph 112 relates to claims and theories the Court dismissed. Accordingly, no response is required. To the extent a response is required, Defendants deny the allegations in

Paragraph 112, including specifically the allegations that the referenced funds constitute appropriate comparators for evaluating the prudence or performance of the LMIMCo TDFs or that the LMIMCo TDFs failed to provide appropriate value relative to their objectives and strategy.

113. To the extent Paragraph 113 purports to quote, paraphrase, and/or cite certain unidentified Plan materials, participant communications, fee disclosures, or other referenced materials, Defendants rely on those sources to speak for themselves, rather than on Plaintiffs' characterizations thereof. Defendants deny the remaining allegations in Paragraph 113, including specifically the allegations that any fees were concealed or that Plaintiffs were prevented from discovering the alleged breaches or violations.

114. To the extent Paragraph 114 purports to quote, paraphrase, and/or cite the Form 5500 filings for the Master Trust or unidentified related disclosures, Defendants rely on those sources to speak for themselves, rather than on Plaintiffs' characterizations thereof. Defendants deny the remaining allegations in Paragraph 114, including specifically the allegations that Defendants improperly "paid themselves" Plan assets or "amalgamated" their names in the manner alleged by Plaintiffs.

115. To the extent Paragraph 115 purports to quote, paraphrase, and/or cite the Form 5500 filings for the Master Trust or unidentified related disclosures, Defendants rely on those sources to speak for themselves, rather than on Plaintiffs' characterizations thereof. Defendants deny the remaining allegations in Paragraph 115, including specifically the allegations regarding purported "financial dependance" [sic] between LMIMCo and Lockheed Martin or that any such relationship affected the selection or retention of the LMIMCo TDFs.

116. To the extent Paragraph 116 purports to quote, paraphrase, and/or cite the Form 5500 filings for the Salaried Plan or unidentified related disclosures, Defendants rely on those

17

sources to speak for themselves, rather than on Plaintiffs' characterizations thereof. Defendants deny the remaining allegations in Paragraph 116, including specifically the allegation that Lockheed Martin improperly "extended credit" to the Plans as alleged by Plaintiffs.

117. Paragraph 117 contains opinions, arguments, and legal conclusions to which no response is required. To the extent a response is required, Defendants deny the remaining allegations in Paragraph 117.

118. Paragraph 118 contains opinions, arguments, and legal conclusions regarding investment management, fees, expenses, investments, and purported benefits allegedly received by Defendants to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 118, including specifically the allegations that any fees or expenses were unreasonable or that Defendants acted to benefit themselves at the expense of Plan participants or beneficiaries.

119. Paragraph 119 contains opinions, arguments, and legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 119.

**PLAINTIFF CLASS**

120. Defendants admit that Plaintiffs purport to assert claims on behalf of a putative class of participants and beneficiaries. Defendants deny that class certification is appropriate and deny the remaining allegations in Paragraph 120.

121. Paragraph 121A contains opinions, arguments, and legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 121A.

Paragraph 121B contains opinions, arguments, and legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 121B.

Paragraph 121C contains opinions, arguments, and legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 121C.

Paragraph 121D contains opinions, arguments, and legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 121D.

122. Paragraph 122 contains opinions, arguments, and legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 122.

123. Paragraph 123 contains opinions, arguments, and legal conclusions regarding ERISA and class certification to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 123.

**COUNT I**
**Breach of Fiduciary Duties Against Lockheed and LMIMCo for Selection and Retention of the In-House TDFs**
**29 U.S.C. § 1104(a)**

124. Defendants restate and incorporate their answers to all prior allegations as though fully set forth herein.

125. Defendants admit that Count I purports to allege a breach of fiduciary duty claim, but deny the remaining allegations in Paragraph 125.

126. Paragraph 126 asserts legal conclusions regarding fiduciary status under ERISA to which no response is required. To the extent a response is required, Defendants state that the

19

governing Plan documents speak for themselves regarding the authority and responsibilities of the Plans' fiduciaries and service providers and deny the remaining allegations in Paragraph 126.

127. Paragraph 127 asserts opinions, arguments, and legal conclusions regarding the scope of fiduciary duties under ERISA to which no response is required. To the extent a response is required, Defendants deny the remaining allegations in Paragraph 127.

128. Paragraph 128 asserts opinions, arguments, and legal conclusions regarding fiduciary duties and responsibilities under ERISA to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 128, including specifically to the extent the paragraph mischaracterizes the distinct roles, responsibilities, and authority of Lockheed Martin and LMIMCo with respect to the Plans and their investment options.

129. Defendants deny the allegations in Paragraph 129.

130. Defendants deny the allegations in Paragraph 130.

131. Defendants deny the allegations in Paragraph 131, including specifically the allegations that the Plans suffered any losses as a result of the conduct alleged in the First Amended Class Action Complaint or that there are losses to be determined at trial.

132. Defendants deny the allegations in Paragraph 132, including specifically the allegations that Defendants breached any fiduciary duties, that the Plans suffered losses as a result of the conduct alleged in the First Amended Class Action Complaint, or that Defendants are liable for relief under 29 U.S.C. § 1109(a).

133. Defendants deny the allegations in Paragraph 133.

134. Defendants deny the allegations in Paragraph 134.

**COUNT II**

**Breach of Fiduciary Duties of Loyalty and Prudence Against Lockheed and LMIMCo for Selecting, Failing to Monitor, and Retaining LMIMCo as Manager of the Plans**
**29 U.S.C. § 1104(a)**

135.     Defendants restate and incorporate their answers to all prior allegations as though fully set forth herein.

136.     Defendants admit that Count II purports to assert claims for breach of fiduciary duty against Defendants. Defendants deny the remaining allegations in Paragraph 136.

137.     Paragraph 137 asserts legal conclusions regarding fiduciary status under ERISA to which no response is required. To the extent a response is required, Defendants state that the governing Plan documents speak for themselves regarding the authority and responsibilities of the Plans' fiduciaries and service providers and deny the remaining allegations in Paragraph 137.

138.     Paragraph 138 asserts opinions, arguments, and legal conclusions regarding the scope of fiduciary duties under ERISA to which require no response. To the extent a response is required, Defendants admit that ERISA imposes duties on plan fiduciaries and deny the remaining allegations in Paragraph 138.

139.     Defendants deny the allegations in Paragraph 139.

140.     Defendants deny the allegations in Paragraph 140.

141.     Defendants deny the allegations in Paragraph 141.

142.     Defendants deny the allegations in Paragraph 142.

143.     Defendants deny the allegations in Paragraph 143.

144.     Defendants deny the allegations in Paragraph 144.

**<u>COUNT III</u>**
**Breach of Fiduciary Duties of Loyalty and Prudence Against Lockheed and LMIMCo for**
**Unreasonable Fees**
**29 U.S.C. § 1104(a)**

145.    Defendants restate and incorporate their answers to all prior allegations as though fully set forth herein.

146.    Paragraph 146 relates to claims and theories the Court dismissed. Accordingly, no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 146.

147.    Paragraph 147 relates to claims and theories the Court dismissed. Accordingly, no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 147.

148.    Paragraph 148 relates to claims and theories the Court dismissed. Accordingly, no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 148.

149.    Paragraph 149 relates to claims and theories the Court dismissed. Accordingly, no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 149.

150.    Paragraph 150 relates to claims and theories the Court dismissed. Accordingly, no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 150.

151.    Paragraph 151 relates to claims and theories the Court dismissed. Accordingly, no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 151.

152. Paragraph 152 relates to claims and theories the Court dismissed. Accordingly, no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 152.

## COUNT IV
### Prohibited Transactions 29 U.S.C. § 1106(a)

153. Defendants restate and incorporate their answers to all prior allegations as though fully set forth herein.

154. Defendants admit that Count IV purports to allege a prohibited transaction claim, but deny the remaining allegations in Paragraph 154.

155. Paragraph 155 contains opinions, arguments, and legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 155.

156. Defendants deny the allegations in Paragraph 156, including specifically the allegation that the challenged arrangement constituted a non-exempt prohibited transaction under ERISA § 406. By way of further response, Defendants state that ERISA § 408(a)–(c), 29 U.S.C. § 1108(a)–(c), sets forth numerous statutory, regulatory, and class exemptions and exceptions applicable to transactions otherwise described in ERISA § 406, including exemptions for reasonable compensation and reimbursement arrangements relating to services provided to employee benefit plans. *See Cunningham v. Cornell Univ.*, 604 U.S. 693, 697 (2025) ("Section 1108 separately enumerates 21 exemptions to those prohibited transactions."). Defendants further state that ERISA § 408(c) identifies categories of fiduciary compensation and reimbursement arrangements that are not prohibited transactions within the meaning of ERISA § 406 and that the challenged arrangements fall within those statutory exemptions and exceptions.

157. Defendants deny the allegations in Paragraph 157, including specifically the allegation that the challenged arrangement constituted a non-exempt prohibited transaction under ERISA § 406. By way of further response, Defendants state that ERISA § 408(a)–(c), 29 U.S.C. § 1108(a)–(c), sets forth numerous statutory, regulatory, and class exemptions and exceptions applicable to transactions otherwise described in ERISA § 406, including exemptions for reasonable compensation and reimbursement arrangements relating to services provided to employee benefit plans. *See Cunningham*, 604 U.S. at 697 ("Section 1108 separately enumerates 21 exemptions to those prohibited transactions."). Defendants further state that ERISA § 408(c) identifies categories of fiduciary compensation and reimbursement and that the challenged arrangements fall within those statutory exemptions and exceptions.

158. Defendants deny the allegations in Paragraph 158, including specifically the allegation that the challenged arrangement constituted a non-exempt prohibited transaction under ERISA § 406. By way of further response, Defendants state that ERISA § 408(a)–(c), 29 U.S.C. § 1108(a)–(c), sets forth numerous statutory, regulatory, and class exemptions and exceptions applicable to transactions otherwise described in ERISA § 406, including exemptions for reasonable compensation and reimbursement arrangements relating to services provided to employee benefit plans. *See Cunningham*, 604 U.S. at 697 ("Section 1108 separately enumerates 21 exemptions to those prohibited transactions."). Defendants further state that ERISA § 408(c) identifies categories of fiduciary compensation and reimbursement and that the challenged arrangements fall within those statutory exemptions and exceptions.

159. Defendants deny the allegations in Paragraph 159.

160. Defendants deny the allegations in Paragraph 160.

**Prohibited Transactions 29 U.S.C. § 1106(b)**

161. Defendants restate and incorporate their answers to all prior allegations as though fully set forth herein.

162. Defendants admit that Count V purports to allege a prohibited transaction claim, but deny the remaining allegations in Paragraph 162.

163. Paragraph 163 contains opinions, arguments, and legal conclusions to which no response is required. To the extent a response is required, Defendants state that the governing Plan documents speak for themselves regarding the authority and responsibilities of the Plans' fiduciaries and service providers and deny the remaining allegations in Paragraph 163.

164. Defendants deny the allegations in Paragraph 164, including specifically the allegation that the challenged arrangement constituted a non-exempt prohibited transaction under ERISA § 406. By way of further response, Defendants state that ERISA § 408(a)–(c), 29 U.S.C. § 1108(a)–(c), sets forth numerous statutory, regulatory, and class exemptions and exceptions applicable to transactions otherwise described in ERISA § 406, including exemptions for reasonable compensation and reimbursement arrangements relating to services provided to employee benefit plans. *See Cunningham*, 604 U.S. at 697 ("Section 1108 separately enumerates 21 exemptions to those prohibited transactions."). Defendants further state that ERISA § 408(c) identifies categories of fiduciary compensation and reimbursement and that the challenged arrangements fall within those statutory exemptions and exceptions. 29 U.S.C. § 1108(c); 29 C.F.R. § 2550.408b-2(e)(3) ("If a fiduciary provides services to a plan without the receipt of compensation or other consideration (other than reimbursement of direct expenses properly and actually incurred in the performance of such services within the meaning of §2550.408c-2(b)(3)),

25

the provision of such services does not, in and of itself, constitute an act described in section 406(b) of the Act.").

165. Defendants deny the allegations in Paragraph 165, including specifically the allegation that the challenged arrangement constituted a non-exempt prohibited transaction under ERISA § 406. By way of further response, Defendants state that ERISA § 408(a)–(c), 29 U.S.C. § 1108(a)–(c), sets forth numerous statutory, regulatory, and class exemptions and exceptions applicable to transactions otherwise described in ERISA § 406, including exemptions for reasonable compensation and reimbursement arrangements relating to services provided to employee benefit plans. *See Cunningham*, 604 U.S. at 697 ("Section 1108 separately enumerates 21 exemptions to those prohibited transactions."). Defendants further state that ERISA § 408(c) identifies categories of fiduciary compensation and reimbursement and that the challenged arrangements fall within those statutory exemptions and exceptions. 29 U.S.C. § 1108(c); 29 C.F.R. § 2550.408b-2(e)(3) ("If a fiduciary provides services to a plan without the receipt of compensation or other consideration (other than reimbursement of direct expenses properly and actually incurred in the performance of such services within the meaning of §2550.408c-2(b)(3)), the provision of such services does not, in and of itself, constitute an act described in section 406(b) of the Act.").

166. Defendants deny the allegations in Paragraph 166, including specifically the allegation that the challenged arrangement constituted a non-exempt prohibited transaction under ERISA § 406. By way of further response, Defendants state that ERISA § 408(a)–(c), 29 U.S.C. § 1108(a)–(c), sets forth numerous statutory, regulatory, and class exemptions and exceptions applicable to transactions otherwise described in ERISA § 406, including exemptions for reasonable compensation and reimbursement arrangements relating to services provided to

employee benefit plans. *See Cunningham*, 604 U.S. at 697 ("Section 1108 separately enumerates 21 exemptions to those prohibited transactions."). Defendants further state that ERISA § 408(c) identifies categories of fiduciary compensation and reimbursement and that the challenged arrangements fall within those statutory exemptions and exceptions. 29 U.S.C. § 1108(c); 29 C.F.R. § 2550.408b-2(e)(3) ("If a fiduciary provides services to a plan without the receipt of compensation or other consideration (other than reimbursement of direct expenses properly and actually incurred in the performance of such services within the meaning of §2550.408c-2(b)(3)), the provision of such services does not, in and of itself, constitute an act described in section 406(b) of the Act.").

167. Defendants deny the allegations in Paragraph 167.

168. Defendants deny the allegations in Paragraph 168.

## JURY TRIAL DEMANDED

The Court struck Plaintiffs' jury trial demand from the First Amended Class Action Complaint. Therefore, no response to this allegation is required.

## PRAYER FOR RELIEF

Defendants deny that Plaintiffs are entitled to any of the requested relief or to any relief whatsoever, deny the allegations underlying Plaintiffs' requests for relief, and request that Plaintiffs' First Amended Class Action Complaint be dismissed with prejudice and that Defendants be awarded their attorneys' fees and costs as permitted by law.

## <u>DEFENDANTS' AFFIRMATIVE DEFENSES</u>

Without assuming the burden of proof on any matters that would otherwise rest with Plaintiffs, and expressly denying any and all wrongdoing, Defendants allege the following defenses to the First Amended Class Action Complaint.

**FIRST DEFENSE**:  The First Amended Class Action Complaint fails to state a claim or cause of action upon which relief can be granted.

**SECOND DEFENSE**:  Plaintiffs' claims are or may be barred, in whole or in part, by Plaintiffs' lack of standing, including because Plaintiffs have failed to allege a concrete injury fairly traceable to Defendants' alleged conduct.

**THIRD DEFENSE**:  Plaintiffs' prohibited transaction claims are barred, in whole or in part, by the applicable statutes of limitations or repose. As the Supreme Court clarified in *Cunningham*, a plaintiff need only allege that a fiduciary caused a plan to engage in a prohibited transaction to state a claim under ERISA § 406. 604 U.S. at 700, 709. Thus, the knowledge relevant to Plaintiffs' claims is knowledge that the challenged transactions occurred. Here, the Complaint and documents incorporated therein establish that Plaintiffs and putative class members knew or should have known from Plan disclosures and other publicly available information that the Plans invested in the LMIMCo TDFs and engaged in the challenged transactions. Accordingly, the prohibited transaction claims are subject to ERISA's three-year limitations period and are barred to the extent Plaintiffs and putative class members knew of the challenged transactions more than three years before the Complaint was filed.

**FOURTH DEFENSE**:  Some or all of Plaintiffs' claims are or may be barred by the doctrines of waiver and/or estoppel.

**FIFTH DEFENSE**:  Plaintiffs' claims are barred because Plaintiffs have not suffered any losses or damages caused by Defendants' alleged acts or omissions, and any alleged losses were caused by factors other than any conduct by Defendants, including market conditions, participant investment elections, risk tolerances, investment objectives, timing, and participant-specific circumstances.

**SIXTH DEFENSE**:  One or more of Defendants are not, or were not acting as, fiduciaries within the meaning of ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A), with respect to certain conduct alleged by Plaintiffs.

**SEVENTH DEFENSE**:  Plaintiffs' claims are barred, in whole or in part, because Defendants' actions were both procedurally and objectively prudent and do not give rise to fiduciary liability under ERISA.

**EIGHTH DEFENSE**:  Plaintiffs' claims are barred, in whole or in part, because the First Amended Class Action Complaint seeks relief that cannot be obtained under ERISA §§ 409 and 502(a)(2), 29 U.S.C. §§ 1109 and 1132(a)(2) and because it seeks relief that is not "other equitable relief" available under ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3).

**NINTH DEFENSE**:  Plaintiffs' non-prohibited transaction claims are or may be barred by the applicable statute of limitations or repose.

**TENTH DEFENSE**:  Plaintiffs' claims are barred in whole or in part by ERISA § 404(c), 29 U.S.C. § 1104(c), because Plaintiff and/or the putative class members exercised control over their plan accounts.

**ELEVENTH DEFENSE**:  Plaintiffs' claims are barred to the extent that Plaintiffs and/or the putative class members released and/or covenanted not to sue Defendants regarding the claims brought in the First Amended Class Action Complaint.

**TWELFTH DEFENSE**:  Plaintiffs' claims are barred to the extent they have failed to mitigate any losses.

**THIRTEENTH DEFENSE**:  Plaintiffs' ERISA § 406(a) and § 406(b) claims are barred in whole or in part by ERISA § 408(b)(2), which provides a statutory exemption allowing employee benefit plans to make reasonable arrangements with a party in interest for services necessary to operate a

plan, and ERISA § 408(c)(2) and 29 C.F.R. § 2550.408b-2(e)(3), which provide a statutory exception allowing employee benefit plan fiduciaries to receive reasonable compensation for services rendered to the plan, and the regulatory, class, and other exemptions granted by the Secretary of Labor. The factual basis for those exemptions and exceptions is reflected in the governing policies, regulatory materials, and audit records described below.

In 2006, Lockheed Martin sought and obtained regulatory no-action relief from the Securities and Exchange Commission concerning LMIMCo's role in providing investment advisory services to Lockheed Martin-sponsored employee benefit plans and trusts. In issuing that relief, the SEC expressly relied on representations and conditions including that: (1) LMIMCo is a wholly owned subsidiary of Lockheed Martin, established and operated solely for the purpose of providing investment advisory services to the Lockheed Martin-sponsored plans and trusts; (2) LMIMCo does not hold itself out to the public as an investment adviser and provides investment advice only to the Lockheed-sponsored plans and trusts; (3) the plans were established solely for the benefit of employees of Lockheed Martin and its affiliates; and (4) the only amounts received by Lockheed Martin and LMIMCo in connection with the plans were reimbursements subject to ERISA's restrictions. (Ex. A, Lockheed Martin Investment Management Company SEC No-Action Letter at 1-2.)

Consistent with those representations, LMIMCo's Trust Charging Policy (the "Policy") provides that LMIMCo serves "as the investment fiduciary with respect to the Trusts and Plans" and is responsible for, among other things, "appointment, monitoring, removal and replacement" of investment managers and service providers, "establishment of investment policies and guidelines," "internal management and investment" of designated trust assets, and "setting

strategic asset allocation guidelines," including the "removal or replacement of available investment options." (Ex. B, LMIMCo Trust Charging Policy at 1-2.)

The Policy further provides that, "[t]o the extent permitted by ERISA and the Code," the Plans and Trusts could "pay directly, or reimburse LMC for," "direct expenses" incurred by LMIMCo "relating to LMIMCo's role as an investment fiduciary" for the Plans and Trusts. The Policy expressly limits reimbursable expenses to "costs and expenses relating to the management of its own assets" and provides that expenses relating to "Plan sponsor" or "settlor" functions were not chargeable to the Plans. (*Id.* at 2-4.)

The Policy additionally establishes detailed procedures governing the allocation of labor and non-labor expenses. LMIMCo employees are required to maintain contemporaneous timekeeping records allocating hours among specific trusts, all-trust activities, and non-chargeable plan-sponsor activities. The Policy specifically distinguishes between activities allocable to the Plans and activities performed "for the primary benefit of LMC," including "plan sponsor" or "settlor" functions, which are coded separately and excluded from Plan charges. (*Id.* at 4-5.)

The Policy further requires that expenses be allocated pursuant to specified methodologies, including "Participant-by-Participant Allocations," "Specific Plan Allocation," "Equal Allocation to all Trusts or Plans," "Allocations based on Number of Participants," and "Investment Management Fee Allocations." The Policy further provides that "investment management fees" would, where practicable, be allocated "based on the market value of such portfolio" at the time expenses were incurred. (*Id.* at 5-6.)

With respect to non-labor expenses, the Policy further limits reimbursable expenses to specified operational categories such as rent, utilities, office equipment, archive services, investment publications, certification expenses, taxes, and travel expenses, and further provides

that such charges would be allocated among Plans and Trusts pursuant to prescribed methodologies. (*Id*. at 6-7.)

Independent auditors subsequently reviewed the Plans' administrative expenses, investment disclosures, participant-account controls, and related financial reporting processes in connection with the 2024 Plan audits (and prior Plan years). As part of those audits, the auditors "reconciled total administrative expenses per Plan," performed "analytical procedures to identify any trends or irregularities," reviewed controls concerning participant accounts and benefit payments, and evaluated investment valuation and disclosure practices. The auditors reported "no material exceptions," "no material uncorrected or corrected misstatements," "no identified actual or suspected instances of fraud," and "no disagreements" with management concerning the audited financial statements and disclosures. (*See, e.g.*, Ex. C, LMIMCo Audit Committee Minutes dated June 23, 2025 at 8-17.)

The foregoing facts establish that the challenged compensation, reimbursement, and expense-allocation arrangements involved the furnishing of bona fide fiduciary, administrative, and related services to the Plans and constituted reimbursement of direct expenses and reasonable compensation for services actually rendered. The facts further establish that the arrangements were governed by written policies limiting reimbursable expenses, excluding settlor and plan-sponsor functions, requiring contemporaneous timekeeping and allocation methodologies, and subjecting the arrangements to ongoing financial controls and independent audit review. Accordingly, the exemption set forth in ERISA § 408(b)(2), and the exception set forth in ERISA § 408(c)(2) and 29 C.F.R. 2550.408b-2(e)(3)—which permit fiduciaries and other parties in interest to receive reasonable compensation for services rendered or reimbursement of expenses properly and actually incurred in the performance of their duties with the plan—are established by these facts.

The foregoing arrangements likewise did not constitute prohibited "loans" or "extensions of credit" under ERISA § 406(b). As reflected in LMIMCo's Trust Charging Policy, the Plans and Trusts either "pay directly" or "reimburse LMC" for direct expenses incurred in connection with LMIMCo's fiduciary services, pursuant to specified allocation methodologies and reimbursement procedures. Ex. B at L-2–L-5. LMIMCo prepared letters of direction and wire-transfer instructions requesting reimbursement for previously incurred and allocated expenses. *Id.* at L-5. Any amounts reflected as "owed" therefore represented ordinary-course accrued reimbursement obligations arising from the timing of expense processing and payment—not financing arrangements or extensions of credit. The challenged arrangements were not evidenced by promissory notes, repayment schedules, collateral arrangements, maturity dates, or interest obligations, but instead reflected reimbursement of direct expenses incurred in providing services to the Plans pursuant to written accounting controls and allocation procedures.

## RESERVATION OF DEFENSES

Defendants reserve the right to amend or supplement these defenses and responses as discovery and investigation continue.

## DEMAND FOR JUDGMENT

WHEREFORE, Defendants pray for judgment as follows:

(1)     An order dismissing Plaintiffs' claims with prejudice;

(2)     That Defendants be awarded their costs of suit, including attorneys' fees and costs; and

(3)     That the Court award such other relief as it deems just and appropriate.

Dated:  May 29, 2026

Respectfully submitted,

By:  */s/ William J. Delany*
William J. Delany (*pro hac vice*)
Ross P. McSweeney (*pro hac vice*)
Richard A. Smith Jr., Bar No. 30313
**GROOM LAW GROUP, CHARTERED**
1701 Pennsylvania Avenue, NW
Washington, DC 20006
Telephone: (202) 861-5412
Fax: (202) 659-4503
wdelany@groom.com
rmcsweeney@groom.com
rsmithjr@groom.com

**ATTORNEYS FOR DEFENDANTS**